**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Albert Darnell Ivory,

Plaintiff,

v.

MCF St. Cloud Medical and MCF St. Cloud Medical Staff,

Defendants.

Case No. 26-cv-4147 (KMM/SGE)

**ORDER**

---

Plaintiff Albert Darnell Ivory seeks to proceed *in forma pauperis* ("IFP"). (Dkt. 2.) Because Mr. Ivory is a prisoner as defined by 28 U.S.C. § 1915(h), his request is governed by 28 U.S.C. § 1915(b), which requires an initial partial filing fee. This fee equals twenty percent of the greater of (1) the average monthly deposits to his facility trust account in the six months before he filed his complaint or (2) the average balance in his account during that period. *See id.* § 1915(b)(1).

The materials submitted by Mr. Ivory indicate that he must pay an initial partial filing fee of $36.66. (Dkt. 2, 2-1.) The Certificate of Authorized Prison Official states that Mr. Ivory's average monthly deposits over the past six months were $183.33. (Dkt. 2-1, at 6.) Review of an attached trust-fund statement indicates that Mr. Ivory's monthly balance over the same period was $44.37. (Dkt. 2-1, at 1–2.) The Court therefore uses the deposits figure, and twenty percent of that number comes to $36.66. This case will not proceed until he submits that fee. If he fails to do so within twenty-one days of this Order's date,

the Court will treat the action as abandoned and recommend dismissal without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, the Court notes the following:

- If Mr. Ivory proceeds with this action by paying the $36.66 initial partial filing fee, he will have to pay the rest of the $350.00 statutory filing fee in installments. Officials where he is confined will be informed of this and authorized to withdraw funds from his account to remit to the Court, as per § 1915(b), regardless of the action's outcome.

- Upon payment of the initial partial filing fee, the Court will review Mr. Ivory's complaint to determine if it states a viable claim within the Court's jurisdiction.[1] If the Court finds the complaint frivolous or that it fails to state a claim for relief, Mr. Ivory will incur a "strike" under 28 U.S.C. § 1915(g). Accumulating three strikes will significantly restrict his ability to proceed IFP in federal court in the future.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Albert Darnell Ivory must pay an initial partial filing fee of at least $36.66 within twenty-one days of this Order's date; and

[1] The Court notes that, as presently pleaded, Mr. Ivory's complaint may not meet pleading requirements. The only defendants named are "MCF St. Cloud Medical" and "MCF St. Cloud Security Staff." (Dkt. 1, at 1, 4.) Departments of a state prison are almost certainly not "persons" subject to suit under 42 U.S.C. § 1983, and the Eleventh Amendment likely bars claims against them in federal court. Furthermore, liability under § 1983 is personal: a plaintiff must identify the individuals who violated his rights and allege what each of them did. As relevant here, the Complaint describes the conduct of a nurse, Kimberly Doth, but does not list her as a defendant, and it attributes no specific wrongful act to any identified member of the security staff. (*Id.* at 4–5.) Given these issues—and others that might arise if the Court reviews this action further—Mr. Ivory may wish to reconsider before committing to paying this action's $350.00 filing fee.

2. Should Mr. Ivory fail to pay the initial partial filing fee, the Court will recommend dismissing this action without prejudice for failure to prosecute.

Date: October 5, 2026

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge