**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Albert Darnell Ivory,

Plaintiff,

v.

MCF St. Cloud Medical and MCF St. Cloud Security Staff,

Defendants.

Civil No. 26-cv-4147 (KMM/SGE)

**ORDER**

---

Plaintiff Albert Darnell Ivory, a prisoner at the Minnesota Correctional Facility in St. Cloud, applied to proceed *in forma pauperis* ("IFP") in this civil-rights action. (*See* Dkt. 2.) On October 5, 2026, this Court ordered him to pay an initial partial filing fee of $36.66 within twenty-one days, under 28 U.S.C. § 1915(b)(1). (*See* Dkt. 3, at 1–2.) The order also cautioned Ivory that his Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983 might not meet federal pleading requirements, because it names as defendants only departments of the relevant facility, not the individuals whose conduct the Complaint describes. (*See id.* at 2 n.1.)

Rather than pay the filing fee as ordered, Ivory filed a document titled "Motion of Stay," along with a second certificate from a prison official about Ivory's trust account, and copies of "kites" and a grievance that Ivory submitted at MCF–St. Cloud. (Dkts. 4, 5, 5-1.) For the following reasons, the Court relieves Ivory of the initial-partial-filing-fee requirement. Before ruling on the IFP Application, however, the Court will give him

another chance to decide whether to continue with this action or to first exhaust his administrative remedies.

Despite its title, the stay motion does not ask the Court to stay anything. Liberally construing the motion, as the Court must, the motion asks the Court to let this action proceed without Ivory paying the initial partial filing fee due to his indigence. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Ivory reports that his account has held no funds since June 11, 2026, and adds that every canteen order he has placed since July 6, 2026, has been an "indigent" order. (*See* Dkt. 4, at 1.)

The federal IFP statute provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4). Ivory has shown that he is in that position. The calculation of his $36.66 initial partial filing fee rests largely on two deposits to Ivory's account in April and May 2026. (*See* Dkt. 2-1, at 1.) His trust-account statement shows no available funds after mid-June 2026 and indigent canteen activity from early July onward and the newer prison-official certificate, signed September 22, 2026, reports that he has $0 on account. (See id, at 1-2; Dkt. 5, at 1.) Nothing in the record suggests that Ivory depleted his account to avoid the fee; indeed, his funds ran out months before the September 2026 events underlying this action. (*See* Dkt. 1, at 4.)

The Court concludes that Ivory falls under § 1915(b)(4) and therefore need not pay the initial partial filing fee. If this action proceeds, however, the full $350 filing fee will

be collected from Ivory in monthly installments under § 1915(b)(2). *See, e.g.*, *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

Before the Court grants Ivory's IFP application and directs prison officials to collect the full $350 fee, the Court notes a further problem evinced in Ivory's new filings. Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion requires that a prisoner complete the prison's own grievance process in compliance with its rules. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). And he must do so before filing suit. "If exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Although failure to exhaust is an affirmative defense, a court may dismiss a case when a complaint itself establishes that the administrative remedies have not been exhausted. *See, e.g.*, *Jones*, 549 U.S. at 215–16.

The record, including the documents Ivory submitted, shows that Ivory had not exhausted the Minnesota Department of Corrections grievance process when he filed this action. (Dkt. 1, at 3; Dkt. 5-1.) Ivory filed this action on September 17, 2026, based on an incident that occurred on September 7, 2026. (Dkt. 1.) MCF–St. Cloud staff responded to Ivory's kites about the incident on September 10, 2026, and on September 23, 2026. (*See* Dkt. 1; Dkt. 5-1, at 2, 4–5.) The warden's office date-stamped his formal grievance on October 6, 2026, over two weeks after Ivory filed the Complaint. (Dkt. 5-1, at 1.) Nothing

in the record suggests that the grievance has been decided or appealed at the administrative level.

Given these facts, if the record remains unchanged and this action proceeds, the Court will have to recommend dismissing this action without prejudice for failure to exhaust administrative remedies. *See Johnson*, 340 F.3d at 627.[1] A without-prejudice dismissal would not stop Ivory from bringing his claims in a new action once he finishes the grievance process. But if the Court grants his IFP Application now, Ivory will owe this action's full $350 filing fee regardless of its outcome, *see* 28 U.S.C. § 1915(b)(1)–(2), and he would owe a new, separate $350 filing fee in any new action.

Ivory therefore has a choice. If he wants to end this action now without incurring the $350 filing fee, he may file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) within twenty-one days of this Order's date.[2] If he does, the Court will recommend dismissing this action without prejudice and will not direct collection of the filing fee. But if Ivory does not file such a notice within that time, the Court will grant the IFP Application (without an initial partial filing fee), direct MCF–St. Cloud officials to collect the $350 fee in installments and review the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

---

[1] The concerns that the Court previously identified about the named Defendants also remain. (Dkt. 3, at 2 n.1.) The stay motion describes Nurse Doth and the facility's security staff as defendants (*see* Dkt. 4, at 1) but this does not amend the Complaint; an amended pleading must be complete in itself and cannot incorporate a prior pleading by reference. *See* D. Minn. LR 15.1(a). And even if the Stay Motion did fix the Complaint's defendant-naming problem, it would not fix Ivory's failure to exhaust.

[2] A short, signed statement that he wants to dismiss this case will suffice.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED that:**

1. Plaintiff Albert Darnell Ivory's "Motion of Stay" (Dkt. 4), construed as a request under 28 U.S.C. § 1915(b)(4) to proceed without paying an initial partial filing fee, is **GRANTED**;

2. Paragraphs 1 and 2 of the Court's Order dated October 5, 2026 (Dkt. 3), are **VACATED**. Ivory is not required to pay an initial partial filing fee in this action, and the Court will not recommend dismissing this action for failure to pay;

3. If Ivory wants to dismiss this action without incurring the $350 filing fee, he must file a notice of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) within twenty-one days of this Order's date; and

4. If Ivory does not file such a notice within twenty-one days of this Order's date, the Court will grant his Application to Proceed *In Forma Pauperis* (Dkt. 2), without requiring an initial partial filing fee, direct officials at MCF–St. Cloud to collect the full $350 filing fee in installments under 28 U.S.C. § 1915(b)(2), (4), and review Ivory's Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Dated: November 5, 2026

*s/ Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge